**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LINO VEGA, | : | |
| | : | Civil Action No. 04-6064 (JBS) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| GARY MERLINO, | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Lino Vega, Plaintiff pro se
#119242
Atlantic County Justice Facility
5060 Atlantic Ave.
Mays Landing, NJ 08330

**SIMANDLE,** District Judge

Plaintiff Lino Vega, a prisoner currently confined at Atlantic County Justice Facility, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

I.  <u>BACKGROUND</u>

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

On July 26, 2004, during an argument between two other inmates, Plaintiff was cut with a razor blade, leaving a wound that required 25 stitches.  Plaintiff alleges that Defendant Warden Gary Merline should have protected the inmates better and that Defendant Health Services Administrator Earl Billue "delayed" in providing treatment.  Plaintiff seeks compensatory and punitive damages.

II.  <u>STANDARDS FOR A SUA SPONTE DISMISSAL</u>

This Court must dismiss, at the earliest practicable time, certain <u>in forma pauperis</u> and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915(e)(2) (<u>in forma pauperis</u> actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a <u>pro se</u> complaint, the Court must be mindful to construe it liberally in favor of the

2

plaintiff.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>United</u> <u>States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." <u>Morse v. Lower</u> <u>Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a <u>pro</u> <u>se</u> plaintiff's "bald assertions" or "legal conclusions." <u>Id.</u>

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  <u>Deutsch v. United</u> <u>States</u>, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A <u>pro</u> <u>se</u> complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Haines</u>, 404 U.S. at 521 (quoting <u>Conley v.</u> <u>Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Milhouse v. Carlson</u>, 652 F.2d 371, 373 (3d Cir. 1981).  Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C.

3

§ 1915(e)(2)); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

### III.  <u>SECTION 1983 ACTIONS</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### IV.  <u>ANALYSIS</u>

The Eighth Amendment to the United States Constitution, applicable to the individual states through the Fourteenth Amendment, prohibits the states from inflicting "cruel and unusual punishments" on those convicted of crimes. <u>Rhodes v.</u>

4

Chapman, 452 U.S. 337, 344-46 (1981).  To state a claim under the Eighth Amendment, an inmate must allege both an objective and a subjective component.  Wilson v. Seiter, 501 U.S. 294, 298 (1991).  The objective component mandates that "only those deprivations denying 'the minimal civilized measure of life's necessities' ... are sufficiently grave to form the basis of an Eighth Amendment violation."  Helling v. McKinney, 509 U.S. at 32 (quoting Rhodes, 452 U.S. at 346).  This component requires that the deprivation sustained by a prisoner be sufficiently serious, for only "extreme deprivations" are sufficient to make out an Eighth Amendment claim.  Hudson v. McMillian, 503 U.S. 1, 9 (1992).  The subjective component requires that the state actor have acted with "deliberate indifference," a state of mind equivalent to a reckless disregard of a known risk of harm.  See Farmer v. Brennan, 511 U.S. 825, 835 (1994); Wilson, 501 U.S. at 303.

A.   Failure to Protect

Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, including adequate food, clothing, shelter, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832 (1994); Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992).  Accordingly, prison officials must take reasonable measures "to protect prisoners from violence at the hands of other prisoners."  Farmer, 511 U.S. at 833 (1994)

5

(internal quotations omitted).  "Being violently assaulted in prison is simply 'not part of the penalty that criminal offenders pay for their offenses against society.'"  Id. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).

In the context of a failure-to-protect claim, the inmate must show that he is "incarcerated under conditions posing a substantial risk of harm," Farmer, 511 U.S. at 833, and that prison officials knew of and disregarded the excessive risk to inmate safety, Id. at 837.  "A pervasive risk of harm may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror." Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985).  "Whether ... prison official[s] had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a fact finder may conclude that ... prison official[s] knew of a substantial risk from the very fact that the risk was obvious." Farmer, 511 U.S. at 842. Deliberate indifference is more than a mere lack of ordinary due care, however; it is a state of mind equivalent to a reckless disregard of a known risk of harm.  Farmer, 511 U.S. at 834.

Applying Farmer to the instant action, the first question is whether Plaintiff has alleged facts showing that inmates, or Plaintiff in particular, faced a substantial risk of assault.

The second question is whether Plaintiff has alleged facts from which it could be inferred that defendants were aware of and disregarded that risk.

Plaintiff does not allege facts which suggest that defendants were informed of a specific risk of harm to himself or other inmates, Nami, 82 F.3d at 67-68; Young, 960 F.2d at 362, or that "a substantial risk of inmate attacks was longstanding, pervasive, well-documented" or otherwise obvious to them. Farmer, 511 U.S. at 842; accord Hamilton v. Leavy, 117 F.3d 742, 747-48 (3d Cir. 1997); Ingalls v. Florio, 968 F.Supp. 193, 199-200 (D.N.J. 1997).  While Defendants may not have exercised due care in failing to prevent Plaintiff's injuries, such negligence is insufficient to establish a violation of the Eighth Amendment. Davidson v. Cannon, 474 U.S. 344, 345-48 (1986) (finding that prison officials' negligent failure to heed prisoner's notification of threats from another inmate, followed by an assault, is not a deprivation of constitutional rights); see also Schwartz v. County of Montgomery, 843 F.Supp. 962 (E.D. Pa.), aff'd, 37 F.3d 1488 (3d Cir. 1994) (stating that corrections officers' failure to observe institutional policies regarding the supervision of dangerous inmates constitutes negligence, which cannot support a § 1983 action for violation of the Eighth or Fourteenth Amendments).  Plaintiff has failed to state an Eighth Amendment failure-to-protect claim.

B.  <u>Medical Care</u>

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 103-04 (1976).  In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need.  <u>Id.</u> at 106.

To satisfy the first prong of the <u>Estelle</u> inquiry, the inmate must demonstrate that his medical needs are serious.  "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'"  <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992).  Serious medical needs include those that have been diagnosed by a physician as requiring treatment or that are so obvious that a lay person would recognize the necessity for doctor's attention, and those conditions which, if untreated, would result in lifelong handicap or permanent loss.  <u>Monmouth County Correctional Institutional Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3d Cir. 1987), <u>cert. denied</u>, 486 U.S. 1006 (1988).

The second element of the <u>Estelle</u> test requires an inmate to show that prison officials acted with deliberate indifference to

his serious medical need.  "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm.  Farmer v. Brennan, 511 U.S. 825, 837-38 (1994).  Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference.  Andrews v. Camden County, 95 F.Supp.2d 217, 228 (D.N.J. 2000); Peterson v. Davis, 551 F.Supp. 137, 145 (D. Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984).  Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims."  White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).  "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment.  Implicit in this deference to prison medical authorities is the assumption that such informed judgment has, in fact, been made."  Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted).  Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation.  Estelle, 429 U.S. at 105-06; White, 897 F.2d at 110.

"Where prison authorities deny reasonable requests for medical treatment, however, and such denial exposes the inmate

'to undue suffering or the threat of tangible residual injury,' deliberate indifference is manifest.  Similarly, where 'knowledge of the need for medical care [is accompanied by the] ... intentional refusal to provide that care,' the deliberate indifference standard has been met.  ...  Finally, deliberate indifference is demonstrated '[w]hen ... prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment."  <u>Monmouth County Corr. Inst. Inmates v. Lanzaro</u>, 834 F.2d at 346 (citations omitted).  "Short of absolute denial, 'if necessary medical treatment [i]s ... delayed for non-medical reasons, a case of deliberate indifference has been made out."  <u>Id.</u> (citations omitted).  "Deliberate indifference is also evident where prison officials erect arbitrary and burdensome procedures that 'result[] in interminable delays and outright denials of medical care to suffering inmates.'"  <u>Id.</u> at 347 (citation omitted).

Certainly a wound that requires 25 stitches to close constitutes a serious medical need.  Here, however, Plaintiff has failed to allege facts from which deliberate indifference could be inferred.  Instead, he has alleged in conclusory fashion that there was "delay."  Plaintiff has failed to state an Eighth Amendment claim for failure to provide adequate medical care.

V.   <u>CONCLUSION</u>

For the reasons set forth above, the Complaint would ordinarily be subject to dismissal, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1), for failure to state a claim.  However, because it is conceivable that Plaintiff may be able to supplement his pleading with factual allegations sufficient to state a claim for violation of the Eighth Amendment, the Court will hereby permit Plaintiff an opportunity to supply such allegations.  The Court will grant Plaintiff leave to file an amended complaint, which must be filed within 45 days of the date this Opinion and Order are entered.[1] If Mr. Vega does not file an Amended Complaint curing these deficiencies within 45 days, the case will be dismissed with prejudice.  An appropriate order follows.


<u>s/ Jerome B. Simandle</u>
Jerome B. Simandle
United States District Judge

Dated:  **June 30, 2005**

---

[1] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, <u>Federal Practice and Procedure</u> § 1476 (2d ed. 1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  <u>Id.</u>  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  <u>Id.</u>